United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60791
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                          Plaintiff-Appellee,

versus

EDDIE LEE MCDONALD,

                                          Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:03-CR-4-3
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Eddie Lee McDonald ("McDonald") appeals the sentence imposed following his jury-trial convictions for conspiracy to possess with intent to distribute more than 50 grams of crack cocaine and possession with intent to distribute between five and 50 grams of crack cocaine.  McDonald argues that the district court clearly erred by assessing a two-level enhancement for possession of a dangerous weapon in connection with drug trafficking offenses pursuant to U.S.S.G. § 2D1.1(b)(1).

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because McDonald did not specifically challenge the two-level enhancement below, we review only for plain error. See United States v. Burton, 126 F.3d 666, 671 (5th Cir. 1997). A two-level enhancement should be applied "[i]f a dangerous weapon (including a firearm) was possessed" during a drug trafficking offense. § 2D1.1(b)(1). The presentence report showed that a search of McDonald's Ingalls Avenue apartment uncovered a firearm under McDonald's bed in close proximity to a small amount of marijuana. A search of McDonald's Jefferson Street residence uncovered three additional firearms. Testimony at McDonald's trial indicated that he left his Ingalls Avenue apartment carrying a paper bag containing three cookies of crack cocaine on the night he was arrested. McDonald did not challenge any of this evidence at sentencing. The district court did not plainly err by assessing the enhancement. See United States v. Castillo, 77 F.3d 1480, 1498-99 (5th Cir. 1996).

AFFIRMED.